```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

AUTOMOBILI LAMBORGHINI SPA;
AUTOMOBILI LAMBORGHINI HOLDING SPA,

            Plaintiffs,

vs.                                 Case No.  2:07-cv-266-FtM-29SPC

THE LAMBOSHOP, INC.; MICHAEL HEICK,

            Defendants.
_____
```

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #37), filed June 5, 2008, recommending plaintiffs' Motion for Entry of Judgment After Defaults (Doc. #24) be granted and final judgment be entered in favor of plaintiffs for damages and a permanent injunction with attorney's fees to be determined.  Defendant Michael Heick filed a "Motion to Appeal" (Doc. #41), which was construed as an objection, and plaintiff filed a Response in Opposition (Doc. #42).  Also before the Court is plaintiffs' Motion to Strike (Doc. #43) and defendant's Response (Doc. #46) to the Motion to Strike.

As a preliminary matter, plaintiffs seek to strike defendant Heick's objections as irrelevant, sarcastic, and scandalous. Although the statements by Mr. Heick are somewhat irreverent, the Court is not inclined to strike the document.  The objections will be considered.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)).  Even in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge,

except the recommendation that defendants be required to file a report. A default was properly entered against both defendants. Mr. Heick appeared to object to the Report and Recommendation while in default and after having had the opportunity to respond and participate in the litigation. Mr. Heick's indication that he only now became aware of the ability to appear telephonically and that he did not receive Orders of the Court is without foundation. There is no evidence on the record that Mr. Heick attempted to contact the Clerk of the Court to determine an alternative means of appearing and there is no evidence on the record that any mail sent to Mr. Heick was returned. (<u>See also</u> Doc. #44.) Therefore, the objections will be overruled.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' Motion to Strike (Doc. #43) is **DENIED**.

2. The Report and Recommendation is hereby **adopted** and incorporated herein as **modified** by eliminating the reporting requirement.

3. Plaintiffs' Motion for Entry of Judgment After Defaults (Doc. #24) is **GRANTED** as to both defendants.

4. The Clerk shall enter judgment in favor of plaintiffs and against defendants as follows:

a. Michael Heick and Lamboshop, Inc. are jointly and severally liable in the amount of $740,000.00, which amount

constitutes $350,000.00 for statutory damages for counterfeiting the automobile and $350,000.00 for counterfeiting Lamborghini pursuant to 15 U.S.C. § 1117(c);

   b.   Michael Heick and Lamboshop, Inc., their respective agents, servants, employees, officers, successors, licensees and assigns and all persons acting in concert or participation with each or any one of them,

   (i)  are permanently enjoined from any present or future use of Lamborghini's federally registered trademarks including any marks confusingly similar;

   (ii) are permanently enjoined and restrained from using in the manufacture, advertising, offering for sale, sale or distribution of automobile conversions and goods of a similar nature, the designations Lamborghini, *Countach*, *Diablo*, *Gallardo*, and *Murcielago*, and any other designations which by colorable imitation or otherwise is likely to be mistaken for or confused with Plaintiffs' trademarks, or is likely to create the erroneous impression that Defendants or its products originate with Plaintiffs, or are endorsed by Plaintiffs, or are sponsored by Plaintiffs, or that Defendants and their products are connected in any way with Plaintiffs;

   (iii) are permanently enjoined and restrained from infringing Plaintiffs' trademarks in the distinctive appearance of corporate

names and logos, and the scissors door opening motion complained of in this Complaint;

(iv) must deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession, custody or control of Defendants, and all plates, molds, matrices and other means of making the same, which might, if used, violate the injunction herein;

(v) cease and desist from using the name or term "Lamboshop" and remove and de-register from the internet the website or domain, or domain name, www.thelamboshop.com; and

(vi) cease and desist from conducting any of the activities described above on or through the internet or any other media or means of advertising.

5. The Clerk is further directed to terminate all deadlines and close the file.

6. Plaintiffs may seek attorney's fees and costs by motion to be filed within **FOURTEEN (14) DAYS** of the entry of judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of July, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties